PUBLIC SERVICE COMMISSION FOR FIRST DIST. v. NORTHERN UNION GAS CO. (No. 7616.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

GAS ⬥13—GAS COMPANIES—DUTY TO CHANGE METERS.
    When, at the request of the owner of a building, a prepayment meter has been put therein, the company has in this respect performed all the duty laid on it by Transportation Corporations Law (Consol. Laws, c. 63) § 62, requiring it, on application of the owner or tenant, to supply gas; and no duty to put in place of such meter a black meter, on request of a tenant, without payment of the cost of the change, is put on the company by Public Service Commissions Law (Consol. Laws, c. 48) § 67, subd. 5,

requiring change at the company's expense only when the installed meter is found to be incorrect.

[Ed. Note.—For other cases, see Gas, Cent. Dig. §§ 5–9; Dec. Dig. ⊸13.]

Appeal from Special Term, New York County.

Proceeding by the Public Service Commission for the First District against the Northern Gas Company. From an order directing the issuance of a peremptory writ of mandamus, defendant appeals. Reversed, and petition denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Shearman & Sterling, of New York City (John A. Garver, of New York City, of counsel), for appellant.

Henry H. Whitman, of New York City (George S. Coleman, of New York City, on the brief), for respondent.

CLARKE, J. This proceeding was instituted under section 74 of the Public Service Commissions Law which provides:

"Whenever either commission shall be of opinion that a gas corporation * * * is failing or omitting * * * to do anything required of it by law, * * * it shall direct counsel to the commission to commence an action or proceeding in the supreme court of the state of New York in the name. of the commission for the purpose of having such violations or threatened violations stopped and prevented either by mandamus or injunction. * * * In case of default in answer or after answer, the court shall immediately inquire into the facts and circumstances * * * without other or formal pleadings, and without respect to any technical requirement. *. * * The final judgment in any such action or proceeding shall either dismiss the action or proceeding or direct that a writ of mandamus or an injunction or both issue as prayed for in the petition or in such modified or other form as the court may determine will afford appropriate relief."

It seems that a tenant in an apartment house which had been furnished with prepayment meters, which operated by dropping a quarter in a slot, whereupon gas to the value of 25 cents is furnished and when so much is used is automatically cut off until another quarter is dropped, made a request that the prepayment meter be taken out and a black meter installed. The company declined to comply unless a payment of $2 was made for the expense of making the change. The commission had a hearing, and determined that the consumer of gas, who on entering into the occupation of the premises finds a prepayment meter installed therein, may, upon making the deposit provided for by statute, require the supply company to provide a black meter, and that the supply company has no legal right to make any charge therefor.

Having so determined, it instituted this proceeding for the issuance of a peremptory writ of mandamus commanding the gas company to furnish a black meter upon request without charge therefor to any occupant of premises supplied by it with gas in which said premises it had already installed at the request of the owner or former occupant a prepayment meter. The respondent claims that the law disregarded by the company, and which it is entitled to enforce by

mandamus, is section 62 of the Transportation Corporations Law (Consol. Laws, c. 63; Laws 1909, ch. 219):

"Upon the application, in writing, of the owner or occupant of any building or premises within one hundred feet of any main laid down by any gaslight corporation, or the wires of any electric light corporation, and payment by him of all money due from him to the corporation, the corporation shall supply gas or electric light as may be required for lighting such building or premises, notwithstanding there be rent or compensation in arrears for gas or electric light supplied, or for meter, wire, pipe or fittings, furnished to a former occupant thereof; * * * and if for the space of ten days after such application, and the deposit of a reasonable sum as provided in the next section, if required, the corporation shall refuse or neglect to supply gas or electric light as required, such corporation shall forfeit and pay to the applicant the sum of ten dollars, and the further sum of five dollars for every day thereafter during which such refusal or neglect shall continue."

The only statute which has been called to our attention relative to a change of meters is contained in section 67, subdivision 5, of the Public Service Commissions Law (chapter 48, Consol. Laws; chapter 480, Laws 1910). That section provides for an official inspection of meters and for an official inspection and test upon the request of a consumer, but the consumer is charged with the cost of inspection and test if the meter is found to be correct within certain limits. This has been the law since the passage of chapter 311, § 5, Laws 1859. And the appellant claims that as the Legislature has nowhere provided for any change in meters, except where the question of their correctness is raised, and has not required the companies to pay for a change even in that case, except when the meters were found to be incorrect, it is evident that the Legislature did not intend to require the companies to substitute meters at their own expense at the mere whim or caprice of a consumer who does not question the accuracy of the meter which has been installed. The learned court below put its decision upon the following ground:

"The essential proposition to be decided in the case at bar is whether or not a charge may be made for the installation of a meter of the type prescribed by statute in substitution for a prepayment meter not mentioned in the legislative act. The maximum price for gas supplied is fixed by law. Upon making the requisite deposit to secure the payment for the gas consumed, the consumer may require the gas company to replace a prepayment meter by one of the standard type without charge."

The difficulty with this argument is that there is no standard type of meter prescribed by statute, and when the act of 1859 alluded to above was passed the wet meter was the only type in use, and that continued to be in general use until after 1875, when the dry or black meter became the prevailing type. The prepayment meters came into use in 1895. The statute under consideration was not the initial statutory provision, but was the re-enactment of chapter 566 of the Laws of 1890, which in turn was a re-enactment of the act of 1859 (chapter 311, § 6).

It therefore seems to us that, when at the request of the owner a particular type of meter has been put into a building, the company has performed the statutory duty laid upon it under section 62 of the Transportation Corporations Law, and that, as there is no statutory

meter, it is not required by law, at the request of a' tenant, to change the meter theretofore installed by it, without the payment of the reasonable costs of the change. It follows that, as there is no legal duty placed upon it which it has refused to perform, the peremptory writ of mandamus will not lie.

The order appealed from should be reversed, with $10 costs and disbursements, and the petition denied, with $50 costs. Order filed. All concur.

---

In re ZIEGLER et al. (No. 7468.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

1. EXECUTORS AND ADMINISTRATORS &⚍495—CAPACITY AS TRUSTEES—RES JUDICATA.

The warrant for a division of an estate in the hands of executors, so as to allow them to continue as such with respect to the realty, and as trustees with respect to the personalty, and their right to receive double commissions, must be found, if at all, in the will, and neither their conduct, nor the prior decrees of the Surrogate's Court, directing a division of an estate, and allowing the executors to deal with the realty as executors and with the personalty as trustees, and settling their accounts as such, with the allowance of double commissions, was res judicata as to their right to such commissions.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2089–2106, 2108; Dec. Dig. &⚍495.]

2. EXECUTORS AND ADMINISTRATORS &⚍495—SETTLEMENT OF ACCOUNTS—DOUBLE COMMISSIONS—CONSTRUCTION OF WILL.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2089–2106, 2108; Dec. Dig. &⚍495.]

3. TRUSTS &⚍168—DEATH OF JOINT TRUSTEE—TITLE OF SURVIVORS.

Upon the death of one joint executor and trustee, the assets of the estate vested in the surviving coexecutors or trustees by reason of their joint title in the trust estate.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 221; Dec. Dig. &⚍168.]

---